UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBECCA KOHLER,   CASE NO.:

    Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,
a Foreign Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, REBECCA KOHLER, ("Plaintiff" or "Mrs. Kohler"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") seeking recovery from GEICO GENERAL INSURANCE COMPANY ("GEICO" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

1.  GEICO is a foreign corporation that operates and conducts business in, among others, Polk County, Florida, and is thus within this court's jurisdiction.

2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Polk County, Florida.

4. Additionally, Plaintiff worked for Defendant in Polk County, Florida, and therefore the proper venue for this case is the Tampa Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Mrs. Kohler worked for GEICO as an MDP until she was promoted multiple times, ultimately becoming a TCR II Supervisor for the claims department for GEICO from July 15, 2015, until her termination on August 25, 2023.

8. During her lengthy tenure, Mrs. Kohler was an excellent employee, who had no significant history of non-medical related attendance, performance, or disciplinary issues.

9. Accordingly, in late 2023, Mrs. Kohler applied and was approved for FMLA from January 2023 through June 2023 in order to treat and address her diagnosis of breast cancer and related symptoms.

10. Additionally, around May 2023, Mrs. Kohler also disclosed her need for future surgery with her supervisors, specifically, Nate Watkins.

11. Mrs. Kohler had previously been the victim of GEICO's unlawful FMLA interference in which Mrs. Kohler previously denied Mrs. Kohler medical leave by claiming her surgery was elective, denied her accommodations/leave due to mistakenly claiming that Mrs. Kohler did not submit the required paperwork (when in fact, she did), and penalized her for alleged performance issues derived from the fact that she had been out on medical leave.

12. As a result of the reoccurrence of cancer, Mrs. Kohler applied and was approved for another stint of FMLA beginning on August 18, 2023.

13. Just days later, GEICO fired Mrs. Kohler, effective immediately.

14. Specifically, on August 25, 2023, Director, Emily Leccese ("Ms. Leccese"), informed Mrs. Kohler that she was terminated, ostensibly due to performance, though Mrs. Kohler had been meeting all her minimum goals even while undergoing several surgeries for breast cancer.

15. It is clear that GEICO retaliated against Mrs. Kohler based on her serious health condition and her utilizing FMLA leave.

16. GEICO's adverse employment actions recounted herein were taken in interference with, and retaliation for, Mrs. Kohler disclosing her serious health condition and for taking protected FMLA leave.

17. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

18. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

19. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

20. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

21. Defendant purposefully and intentionally interfered with and retaliated against Mrs. Kohler for her use of protected FMLA leave.

22. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

23. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

24. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

25. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 24 above.

26. At all times relevant hereto, Plaintiff was protected by the FMLA.

27. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

28. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

29. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 24 above.

32. At all times relevant hereto, Plaintiff was protected by the FMLA.

33. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

34. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

35. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

36.     As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

37.     As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 25th day of August, 2025.

        Respectfully Submitted,

        ***/s/ Andres Kroboth***
        Andres Kroboth, Esq.
        Florida Bar No. 1016483
        RICHARD CELLER LEGAL, P.A.
        7951 SW 6th St, Suite 316
        Plantation FL, 33324
        Telephone: (866) 344-9243
        Facsimile: (954) 337-2771
        E-mail: **andres@floridaovertimelawyer.com**

        *Attorneys for Plaintiff*